IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | |
|---|---|
| IN RE: )<br>)<br>JEFFREY LINTON JORDAHL )<br>)<br>    Debtor )<br>_____ )<br>JEFFREY LINTON JORDAHL )<br>)<br>    Objecting Debtor )<br>)<br>v. )<br>)<br>FRANCES W. DYAL )<br>    Creditor )<br>)<br>and )<br>)<br>M. ELAINA MASSEY )<br>    Ch. 13 Trustee )<br>)<br>    Respondents ) | CHAPTER 13 CASE<br>NUMBER <u>15-21052</u><br><br>**FILED**<br>Lucinda B. Rauback, Clerk<br>United States Bankruptcy Court<br>Brunswick, Georgia<br>By arowe at 1:53 pm, Aug 08, 2016 |

### OPINION AND ORDER SUSTAINING OBJECTION TO CLAIM

Pursuant to notice, the objection by Debtor Jeffrey Linton Jordahl to the claim of his ex-wife's attorney, Frances W. Dyal, came on for hearing, with Dyal's response. The claim is for attorney's fees and court costs related to a postpetition hearing and ensuing order ("Contempt Order") in a child support matter in the Superior Court of Glynn County, Georgia.

Jordahl asserts that Dyal has no claim because both the hearing and the Contempt Order are void as violations of the

automatic stay. Dyal responds that the automatic stay does not apply under the exceptions for collection of a domestic support obligation (DSO). She also argues that her claim survives because it arose prepetition, when the costs and attorney's fees "accrued." (Resp. 2-3.)

The automatic stay applies; the superior court hearing and the Contempt Order are void. Further, because the costs and attorney's fees did not "accrue" until awarded by the superior court in violation of the stay, Dyal has no claim. The objection is therefore sustained and the claim disallowed.

## FINDINGS OF FACT

The facts are not in dispute. On December 18, 2015, Jordahl was served with his ex-wife's Complaint for Contempt for non-payment of child support. On December 23, 2015, Jordahl filed this chapter 13 bankruptcy case.

The Complaint had been noticed for hearing on January 5, 2016, in the Superior Court of Glynn County, Georgia. The hearing went forward postpetition as scheduled, and the Contempt Order was entered holding Jordahl in contempt of the divorce judgment and decree. (Contempt Order, Ex. G of ECF No. 14 at 26-27.) The court found that Jordahl was $2615.00 in arrears on his child support payments and ordered his arrest and incarceration until he purged the contempt by full payment of the arrearage. (Id.)

In addition, the court awarded Jordahl's ex-wife a total of $751.50 ($500.00 in attorney's fees and $261.50 in court costs), to be paid directly to Dyal. (<u>Id.</u> at 27.) Neither Jordahl nor his attorney appeared at the hearing.

On March 14, 2016, Dyal timely filed a proof of claim for $761.50 for "[s]ervices rendered as Debtor's ex-wife's attorney." In support of the claim, Dyal attached the Contempt Order.

## CONCLUSIONS OF LAW

A proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). A timely filed proof of claim is prima facie evidence of the claim's amount and validity. Fed. R. Bankr. P. 3001(f). The objecting party bears the initial burden of "com[ing] forward with enough substantiations to overcome the claimant's prima facie case." <u>Walston v. PYOD, LLC (In re Walston)</u>, 606 F. App'x 543, 546 (11th Cir. 2015) (quoting <u>Benjamin v. Diamond (In re Mobile Steel Co.)</u>, 563 F.2d 692, 701 (5th Cir. 1977). If the objecting party overcomes the prima facie case, the burden then shifts to the creditor to prove its claim by a preponderance of the evidence "unless applicable nonbankruptcy law allocates the burden of proof on the claim differently." Hon. W. Homer Drake Jr. et al., <u>Chapter 13 Practice and Procedure</u> § 18:5 (2015 ed.); <u>Raleigh v. Ill. Dep't of Revenue</u>, 530 U.S. 15 (2000) (holding that bankruptcy does not alter burden of proof imposed on taxpayer under tax law).

3

Here, no applicable law supersedes the burden of proof applied on objections to claim in bankruptcy. Jordahl having successfully overcome the prima facie validity of the claim by showing the date of the hearing occurred after the date of the filing of the case and the imposition of the automatic stay under § 362(a), the burden shifted to Dyal to prove the claim by a preponderance of the evidence. Dyal failed to carry that burden.

I. **The Contempt Order Is Void as a Violation of the Stay.**

The automatic stay "springs into being immediately upon the filing of a bankruptcy petition." Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 975 (1st Cir. 1997). Arguably the most powerful of protections under the Bankruptcy Code, the stay prohibits almost all judicial proceedings and other collection or enforcement attempts against the debtor, the debtor's property, or property of the bankruptcy estate. See 11 U.S.C. § 362(a). Specific to the matter here, the stay applies to civil contempt proceedings.[1] Goodman v. Albany Realty Co. (In re Goodman), 277 B.R. 839, 841-42 (Bankr. M.D. Ga. 2001); Mitchell Constr. Co. v. Smith (In re Smith), 180 B.R. 311, 319 (Bankr. N.D. Ga. 1995).

---

[1] Contempt proceedings may be either civil or criminal, depending on the purpose of the sanction. Souther v. Tate (In re Tate), 521 B.R. 427, 440 (Bankr. S.D. Ga. 2014) (citing Jove Eng'g, Inc. v. IRS (In re Jove Eng'g, Inc.), 92 F.3d 1539, 1557-58 (11th Cir. 1996)). When the sanction is punitive and imposed to uphold the dignity of the court, the contempt proceeding is criminal. Id. Where, as here, the sanction is intended to compensate the complainant and coerce the contemnor's compliance with the court's order, the contempt is civil. See id.

"[A]ctions taken in violation of the automatic stay are void and without effect." United States v. White, 466 F.3d 1241, 1244 (11th Cir. 2006) (quoting Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir. 1982)). Accordingly, when an order is issued at a hearing that violates the stay, the order is void and without effect. See In re Hall-Walker, 445 B.R. 873, 879 (Bankr. N.D. Ill. 2011) (holding that order entered at status hearing in violation of stay was void).

Certain actions are excepted from the stay when the debt at issue is a DSO. Specific to the matter here, the filing of the petition does not operate as a stay under § 362(b)(2):

> (B) of the collection of a domestic support obligation from property that is not property of the estate;
>
> (C) with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute;

11 U.S.C. § 362(b)(2)(B)-(C).

There is no dispute that the debt sought to be collected through the contempt proceeding is a DSO as defined under 11 U.S.C. § 101(14A). The parties also agree that § 362(b)(2)(B) and (C) set out the only exceptions to the stay that could possibly apply. (See Dyal Br. 1, ECF No. 39; Jordahl Br. 1, ECF No. 43.)

5

**A. The Exception Under 11 U.S.C. § 362(b)(2)(B) Does Not Apply.**

Dyal first argues that "[C]ode sections [362(b)(2)(B) and (C)] indicate that the filing of a petition seeking bankruptcy does not stay the collection of domestic support." (Dyal Br. 1, ECF No. 39.) In support, Dyal cites an unpublished case from the Eleventh Circuit Court of Appeals, Fla. Dep't of Revenue v. Rodriguez (In re Rodriguez), 367 F. App'x 25 (11th Cir. 2010).

The facts in Rodriguez do not correspond in any way to the facts before me. In Rodriguez, the debtor's confirmed plan provided for payment of only half his continuing obligation for child support. Over the course of the bankruptcy, the Florida Department of Revenue sent the debtor three letters concerning past-due support. On appeal, the district court held that the letters violated the terms of the confirmed plan, not the automatic stay, and the Eleventh Circuit agreed. Id. at 27.

The letters did not violate the automatic stay, because under § 362(b)(2)(B), the automatic stay does not apply to collection of a DSO from property that is not property of the estate. Id. The key point in Rodriguez is that the letters were sent postconfirmation, after all property not necessary to the fulfillment of the plan had revested in the Debtor. See id. (citing 11 U.S.C. § 1327(b) and Telfair v. First Union Mortg. Corp., 216 F.3d 1333, 1340 (11th Cir. 2000)). Thus, in Rodriguez, collection was attempted against property that was not property of

the estate, but instead was property of the debtor, and the stay exception under § 362(b)(2)(B) applied.

Here, in contrast, the collection attempt occurred preconfirmation, before the operation of § 1327, when all property was still vested in the estate. Accordingly, Rodriguez is not on point.

But notwithstanding inapposite facts, Rodriguez speaks precisely to the issue at hand in a statement of law fatal to Dyal's argument. Summarizing the district court's reasoning, the Eleventh Circuit explained why the automatic stay does apply to a *preconfirmation* attempt to collect child support:

> Prior to confirmation, a child support creditor is unable to attempt to collect child support from the debtor because, **prior to confirmation, all property is the property of the bankruptcy estate** and § 362(b) allows for an exception for stay only as to funds which are not part of the bankruptcy estate.

Id. at 28 (emphasis added); see also Caffey v. Russell (In re Caffey), 384 B.R. 297, 306 (Bankr. S.D. Ala. 2008) (holding that continuation of state court contempt action to recover past-due child support was subject to automatic stay), aff'd, 384 F. App'x 882 (11th Cir. 2010).

All property acquired both pre- and postpetition is property of the bankruptcy estate preconfirmation because, with exceptions not relevant here, property of the estate under chapter 13 includes "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C.

7

§ 541(a)(1); and "all property of the kind specified in [§ 541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted," as well as postpetition wages, 11 U.S.C. § 1306(a)(1)-(2).

Here, all property in which Jordahl had an interest prepetition, all property he acquired postpetition, and all his current and future wages were property of the bankruptcy estate on the date of the superior court hearing. Accordingly, payment of the prepetition child support arrearage under the Contempt Order could only have come from property of the estate. Thus, the exception to the automatic stay under § 362(b)(2)(B) does not apply.

**B. The Exception Under 11 U.S.C. § 362(b)(2)(C) Does Not Apply.**

Dyal cites no authority for the only other possible exception to the automatic stay under § 362(b)(2): "with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute." 11 U.S.C. § 362(b)(2)(C). Jordahl, asserting that the exception under § 362(b)(2)(C) does not apply, cites In re DeSouza, 493 B.R. 669 (B.A.P. 1st Cir. 2013).

Jordahl is correct; the superior court hearing and the Contempt Order are not excepted from the automatic stay under § 362(b)(2)(C). On facts similar to those here, the DeSouza court

held that preconfirmation contempt proceedings to force a chapter 13 debtor's payment of past-due alimony violated the automatic stay. Id. at 674. The court read the language "withholding of income . . . for payment . . . under a judicial or administrative order or a statute" as plainly limiting the exception under § 362(b)(2)(C) to wage garnishment orders. DeSouza, 493 B.R. at 673-74 (adopting approach followed in Lawida v. Seyffer (In re Lawida), No. AZ-10-1443-DkiMy, 2011 WL 4502060 (B.A.P. 9th Cir. Aug. 1, 2011)).

More recently, a bankruptcy court employed the same analysis—considering the plain meaning of the statutory language—to conclude that a writ of garnishment on a bank account in which the debtor's income had been deposited was not the "withholding of income" contemplated under § 362(b)(2)(C). See In re Ojiegbe, 512 B.R. 513, 524 (Bankr. D. Md. 2014).

"When [a] statute's language is plain, the sole function of the courts . . . is to enforce it according to its terms." Montgomery Cty. Comm'n v. Fed. Hous. Fin. Agency, 776 F.3d 1247, 1255 (11th Cir. 2015) (quoting Dodd v. United States, 545 U.S. 353, 359 (2005)).

Accordingly, I hold that the plain language of § 362(b)(2)(C) limits the stay exception to the withholding of income, whether through wage garnishment or an income deduction order. Here, Jordahl's ex-wife was not seeking withholding of income; she was

seeking immediate payment. Thus, the stay exception under § 362(b)(2)(C) does not apply.

At least one bankruptcy court has expressed a contrary view, however, in a case under chapter 11. See In re Friedberg, No. 08-51245 (AHWS), 2009 WL 1292273 (Bankr. D. Conn. May 8, 2009). That court held that under either § 362(b)(2)(B) or (C), the automatic stay did not bar a continued prepetition contempt proceeding to enforce a DSO. Id. at *1, *3.

But the Friedberg holding as to § 362(b)(2)(C) ignores not only the delineating language of the statute but also—if that language were not clear—congressional intent as recorded in the conference report associated with the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Pub. L. No. 109-8, 119 Stat. 23, which added § 362(b)(2)(C) to the Bankruptcy Code: "The purpose of this provision [§ 362(b)(2)(C)] is to allow income withholding to be implemented or to continue after a Chapter 11, 12 or 13 petition is filed, just as it would if a Chapter 7 petition were filed." 146 Cong. Rec. S11683, S11706, 2000 WL 1796598 (daily ed. Dec. 7, 2000). Friedberg thus is unpersuasive.

In conclusion, because neither § 362(b)(2)(B) nor (C) applies to the continuation of the contempt proceeding here, both the hearing and the Contempt Order are void and without effect as violations of the automatic stay.

## II. Because the Contempt Order Is Void, Dyal Has No Claim.

A void order cannot support a claim. Dyal tries to get around this result by shifting the focus away from the Contempt Order to the time prepetition when the costs were paid and the legal work was performed, which Dyal asserts are the events that entitle her to payment. This argument is incorrect.

A "claim" means "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). A "debt" is "liability on a claim." 11 U.S.C. § 101(12). Thus, whenever a claim arises, a debt arises as well, the only distinction being that a claim belongs to a creditor and a debt belongs to a debtor. The Official Comm. of Unsecured Creditors v. Whalen (In re Enron Corp.), 357 B.R. 32, 47 (Bankr. S.D.N.Y. 2006).

"[C]laims are contingent as to liability if the debt is one which the debtor will be called upon to pay only upon the occurrence or happening of a future event." Russo v. HD Supply Elec., Ltd. (In re Russo), 494 B.R. 562, 567 (Bankr. M.D. Fla. 2013); see also Aldrich v. Papi (In re Papi), 427 B.R. 457, 466 (Bankr. N.D. Ill. 2010) (holding that plaintiff's claim for sanctions was contingent on state court granting plaintiff's motion for sanctions).

Here, Jordahl had only contingent liability for the costs and attorney's fees until the entry of an order establishing the

AO 72A
(Rev. 8/82)

· 11

amount of the debt and his obligation to pay. Prepetition, Dyal provided services that established the basis for such an order. But she was not entitled to the costs and attorney's fees—they did not "accrue," as Dyal expresses it—until they were awarded by the superior court in violation of the automatic stay. The same is true for any postpetition fees included in the award, i.e., for Dyal's representation of the former Mrs. Jordahl at the superior court hearing. Because the hearing violated the automatic stay, thereby resulting in an order that is void, Dyal never became entitled to payment from Jordahl and thus has no claim.

## ORDER

**IT IS THEREFORE ORDERED** that Debtor's objection to claim is **SUSTAINED**; and

**FURTHER ORDERED** that Claim Number 7 of Frances W. Dyal for $761.50 is **DISALLOWED**.

_____
JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this ___ day of August, 2016.